UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA LEEHANS | CIVIL ACTION |
| VERSUS | No.: 18-6014 |
| ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | SECTION: "J" (1) |

### ORDER & REASONS

Before the Court is a *Motion for Attorney's Fees and Costs* **(Rec. Doc. 26)** filed by Plaintiff, Lisa Leehans, and a response (Rec. Doc. 27) filed by the Defendant, Commissioner of the Social Security Administration. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### DISCUSSION

On August 30, 2019, the Court reversed Plaintiff's adverse benefits decision and remanded the case to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves the Court for $2,406.25 in attorney's fees and $400 in costs as allowed under the Equal Access to Justice Act ("EAJA").[1] The EAJA entitles a prevailing litigant to "fees and other expenses." 28 U.S.C. § 2412(d)(1)(A); *see also Astrue v. Ratliff*, 130 S. Ct. 2521, 2524

---

[1] As discussed below, technically the reimbursement for costs comes from 28 U.S.C. § 1920, not the EAJA. Nonetheless, a prevailing litigant in an appeal of an adverse Social Security decision is entitled to both.

(2010). Plaintiff seeks attorney's fees for 13.75 hours of work performed at a rate $175.00 an hour.

Defendant does not oppose Plaintiff's status as a prevailing litigant, nor the overall quantum of attorney's fees. Defendant's sole objection is to Plaintiff's request for $400 in costs.

Defendant correctly states that filing fees are technically awarded under 28 U.S.C. § 1920, not the EAJA. *See Curvey v. Berryhill*, No. 17-78, WL 3533590 (E.D. La. July 23, 2018). Nevertheless, although Plaintiff has not directly cited the proper statute supporting recovery of the $400, there appears to be no actual dispute that Plaintiff is entitled to the $400 in costs. The Court finds it would be inefficient to force Plaintiff to file another motion merely to specifically cite 28 U.S.C. § 1920, particularly when there is no dispute over its applicability to Plaintiff.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs (Rec. Doc. 26) is hereby **GRANTED** and Plaintiff shall be awarded a combined $2,806.25 in attorney's fees and costs.

New Orleans, Louisiana this 21st day of November, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE